

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-1999

# Bayer AG v. Betachem Inc

Precedential or Non-Precedential:

Docket 98-6427

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Bayer AG v. Betachem Inc" (1999). *1999 Decisions.* Paper 100.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 12, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-6427

BAYER AG, In re Application for an Order permitting
BAYER AG to take discovery, pursuant to the Federal
Rules of Civil Procedure, of BETACHEM, INC. for use in
an action pending in the FIRST INSTANCE COURT
NO. 25 of BARCELONA, SPAIN.

      Appellant

v.

BETACHEM, INC.

      Appellee

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 96-cv-05650)
District Judge: William H. Walls

ARGUED JANUARY 15, 1999

BEFORE: NYGAARD, ALITO, and LEWIS, Circuit Judges.

(Filed April 12, 1999)

      Frederick L. Whitmer (Argued)
      Pitney Harden Kipp & Szuch
      PO Box 1945
      Morristown, NJ 07962-1945

      Attorney for Appellant

          Dwight E Yellen (Argued)
          Ballon, Stoll, Bader & Nadler
          1450 Broadway
          New York, NY 10018-2268

           Attorney for Appellee

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Bayer AG appeals the District Court's denial of its motion
seeking unredacted documents under 28 U.S.C. S 1782.
Bayer contends that the unredacted information is
necessary to (1) impeach the credibility of a witness in
litigation pending in Spain, and (2) discover additional
information concerning a drug master file at issue.
Betachem responds that the information sought is beyond
the scope of the subpoena, and alternatively, that Bayer
already has the information sought, albeit in a different
form. The District Court had jurisdiction under 28 U.S.C.
SS 1131 and 1782. We have jurisdiction under 28 U.S.C.
S 1291.1 We review the District Court's denial of a discovery
request made under 28 U.S.C. S 1782 for an abuse of
discretion. See In re Application Pursuant to 28 U.S.C.
S 1782 for an Order Permitting Bayer AG to Take Discovery,
146 F.3d 188, 191 (3d Cir. 1998) (hereinafter In re Bayer
AG). We will affirm.

I.

The facts surrounding Bayer AG's original discovery
request are amply set forth in In re Bayer AG, 146 F.3d at
189-91, where we concluded that a district court abuses its
discretion when it denies a section 1782 application for
discovery based on its own determination that the material
sought would not be discoverable or admissible in the

_____

1. Only the discovery dispute under 18 U.S.C.S 1782 is occurring in the
United States. Therefore, because the underlying litigation is in Spain,
this discovery order is immediately appealable.

2

foreign jurisdiction. Thus, we remanded the case to the District Court.

Following our remand, Betachem produced approximately four hundred documents in response to the subpoena duces tecum. Despite a protective order issued by the District Court, Betachem produced the documents in redacted form. Betachem contends that the redacted information was "beyond the scope of the subpoena" and included references to "other drugs, the identity of customers or potential customers, prices, marketing strategies, marketing analyses, etc." SA 2.

Bayer then requested unredacted versions of the documents. Betachem refused, but allowed independent patent counsel for Bayer to review the original unredacted documents at the law offices of Betachem's counsel. However, patent counsel was not allowed to make any notes. After the review, patent counsel requested production of approximately seventy documents in full unredacted form. Betachem produced thirty-five of the requested documents.

After considering arguments from both counsel, the District Court concluded that the requested information was cumulative and that "the aims of discovery" were "more than met by the redacted information being furnished." AA 63. Therefore, the District Court denied Bayer's request for the unredacted documents. Bayer now appeals and contends that the District Judge abused its limited discretion under 28 U.S.C. S 1782 by imposing upon Bayer, and the statute, requirements not enacted by Congress.

II.

First, we note that our previous decision did not imply that Bayer is entitled to all discovery sought. See In re Bayer AG, 146 F.3d at 196 ("Our discussion is not intended to suggest that Bayer is necessarily entitled to have its application granted. That determination will have to await the district court's proper exercise of its discretion on remand when it will be free to consider the relevance of factors not before us, such as the timeliness of Bayer's application and appropriate measures, if needed, to protect

3

the confidentiality of the materials."). Second, we also commented that "[t]he reference in S 1782 to the Federal Rules suggests that under ordinary circumstances the standards for discovery under those rules should also apply when discovery is sought under the statute." Id. at 195. The party opposing discovery has the "burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application." Id. at 196.

Section 1782 states in relevant part:

> the district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. S 1782(a).

Congress enacted section 1782 to further the following goals: "facilitat[ing] the conduct of litigation in foreign tribunals, improv[ing] international cooperation in litigation, and put[ting] the United States into the leadership position among world nations." In re Bayer AG, 146 F.3d at 191-92. However, these goals do not in turn mean that a party in foreign litigation is entitled to unbridled and unlimited discovery under the statute. To the contrary, under the terms of the statute, the discovery process is generally guided by the Federal Rules of Civil Procedure.

As we noted in In re Bayer AG, 146 F.3d at 195, "[t]he reference in S 1782 to the Federal Rules suggests that under ordinary circumstances the standards for discovery under those rules should also apply when discovery is sought under the statute." Moreover, "[t]he permissive language of section 1782 vests district courts with discretion to grant, limit, or deny discovery." In re

4

Metallgesellschaft AG, 121 F.3d 77, 79 (2d Cir. 1997). Thus, a district court should exercise its discretion while keeping in mind the aims of the statute. To that end, a district court may refuse to grant a discovery request, or may impose various conditions and protective orders attendant to the production of requested documents. See In re Bayer AG, 146 F.3d at 192.

The applicable Federal Rules of Civil Procedure concerning discovery state in relevant part:

> (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

> (2) Limitations . . . . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive.

Fed. R. Civ. P. 26(b)(1) & (2).

Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed. See Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1322 (Fed. Cir. 1990) (citing Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 391 (1947)). The Federal Rules of Civil Procedure expressly allow a district court to use its discretion and deny discovery requests if the material sought is "unreasonably cumulative." Fed. R. Civ. P. 26(b)(2). Here, the District Court examined some of the documents, listened to

5

arguments presented by counsel and concluded that unredacted versions of the documents desired would be "cumulative" and that Bayer already "discovered the gold" but refused to acknowledge it. AA 54, 58. During oral argument, counsel for Bayer stated that the only substantive redactions involved names of customers.

Although patent counsel for Bayer was not allowed to take notes during his document review, counsel did spend several hours scrutinizing unredacted original documents which contained the names of Betachem's customers. SA 34-40. Additionally, counsel for Bayer twice mentions by name in correspondence to the District Court the supposedly unknown customer AA 24, 27. Last, the Spanish interrogatories which were produced to Bayer in unredacted form with English translation contain the name of the unknown customers. SA 47-54. Despite Bayer's assertions, this conclusion by the District Court does not "improperly intrude . . . into the substantive role of the foreign forum court." Bayer Br. at 9. Likewise, the decision is not a prediction of the actions of the foreign tribunal. But cf. In re Bayer AG, 148 F.3d at 192 (commenting that "it `would contradict the express purpose of section 1782' if the American court were required to predict the actions of another country's tribunal" and finding that the District Court's requirement that requested discovery be discoverable in the foreign jurisdiction exceeded the proper scope of section 1782) (quoting John Deere Ltd. v. Sperry Corp., 754 F.2d 132, 136 (3d Cir. 1985)). Rather, the decision is fully within the discretion granted the District Court under the Federal Rules of Civil Procedure which are incorporated by reference into 28 U.S.C. S 1782.

III.

In summary, section 1782, entitled "Assistance to foreign and international tribunals and to litigation before such tribunals," incorporates by reference the scope of discovery permitted by the Federal Rules of Civil Procedure. See 28 U.S.C. S 1782. Rule 26 of the Federal Rules of Civil Procedure expressly grants a district judge the authority to deny discovery when the information sought is "unreasonably cumulative." Fed. R. Civ. P. 26. Although the

6

information already obtained may not be in the form most desired by Bayer, we cannot say that the District Court abused its discretion by denying Bayer's request for certain unredacted documents. Accordingly, we will affirm the District Court's denial.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit